The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* HORI BROS. (No. 3406)[1]

United States Court of Customs and Patent Appeals, November 2, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

*Lawrence A. Harper* for appellee.

[1] T. D. 45244.

[Oral argument October 5, 1931, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported, at the port of Los Angeles, certain articles entered as toys. These were classified by the collector as toys, under the following provision in paragraph 1414, Tariff Act of 1922:

PAR. 1414. * * * all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for, 70 per centum ad valorem.

The importer protested, claiming them to be dutiable as swords, under paragraph 363 of said act, which is as follows:

PAR. 363. Sword blades, and swords and side arms, irrespective of quality or use, wholly or in part of metal, 50 per centum ad valorem.

There were alternative claims under paragraphs 1459 and 1460 of said act.

On the hearing below but one witness was called, M. M. Mullin, the appraiser at the port. He testified that the merchandise consisted of 200 pieces of toy Japanese swords, made of metal. Counsel for the protestant then made the following concession:

I will concede that they are used by children in play. ·

The case was submitted on this record. The report of the appraiser to the collector was not offered in evidence. There is no sample in the case.

On this record the court below sustained the protest and held the goods to be dutiable under said paragraph 363 as swords. From the resulting judgment the Government has appealed and now insists that the court below committed error in not holding the goods to be toys.

We cannot so find on this record. This court has no knowledge of the size, character, or material of the imported articles, except to know that they are swords, made of metal, and that they are used by children in play. What other use is or may be made of them is not disclosed by the record.

In 1907, under the Tariff Act of July 24, 1897, certain so-called bone swords were imported and were classified under paragraph 154 of said act, which paragraph reads as follows:

154. Swords, sword-blades, and side arms, thirty-five per centum ad valorem.

They were claimed to be dutiable as manufactures of bone, it being contended that the said paragraph ought to be construed as extending only to weapons of offense and defense. The Board of General Appraisers held them to be swords, commenting on the fact that they were exactly the size and shape of swords and side arms

used in warfare and that their use as ornaments did not make them any the less swords.   T. D. 28229, 13 Treas. Dec. 750.

That case went, on appeal, to the Circuit Court of the Southern District of New York.   *Morimura Bros.* v. *United States*, 165 Fed. 64.   The court there held:

These articles are curios, and are used as ornaments or for purposes of decoration.   The evidence shows they are known as "bone swords" to distinguish them from regular swords.   I do not think, they are the swords which Congress had in mind when it enacted paragraph 154.

When the Congress took up for discussion the bill which afterwards became the Tariff Act of August 5, 1909, the *Morimura* case, *supra*, was duly brought to the attention of the Ways and Means Committee by the Notes on Tariff Revision, prepared under the direction of the clerk of the committee, Sixtieth Congress, second session, Doc. No. 1503, page 197, in the following language:

COMMENTS AND SUGGESTIONS.—This decision does violence to a cardinal principle of tariff construction, namely, that a specific designation of an article by its individual name governs its classification, to the exclusion of all considerations of use, component materials, similitude, etc.   Of course, it is not urged that a piece of paper, for instance, cut into the shape of a sword should be classified as a sword, but the articles subject of this decision are in truth and fact swords and the circumstances that they are to be used as decorations is of no weight, for that is practically the only use to which swords are put to nowadays outside of military or semimilitary organizations.   The case presents an instance of judicial legislation.

Thereupon, the Congress inserted the language, *"irrespective of quality or use,"* into the paragraph, which has since been retained. (Italics ours.)

Very plainly, the intent of the Congress was to obviate any further judgments such as the one arrived at in the *Morimura* case.   To accomplish this, the Congress, in effect, provided that it mattered not how good or how bad the sword or side arm might be, or how it might be used, if it was a sword or side arm at all, it was embraced within this paragraph.

This being true, it will be at once apparent that it is entirely immaterial how the articles of importation here are used.   An article, to be a toy, under the provision, "all other toys," in said paragraph 1414, must be such because of its use.   *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109, T. D. 31115.   If the use is made immaterial by statute, then it follows that swords can not be taken out of the sword paragraph and put into the toy paragraph because of their use.

There is nothing in the case of *United States* v. *China & Japan Trading Co.*, 71 Fed. 864, which conflicts with this conclusion.   In that case it was sought to put certain articles into a classification as "umbrellas, parasols and sunshades," which the court found, by inspection, were not, in fact, umbrellas, parasols and sunshades.

That is quite different from the case at bar, where all the facts appearing of record show that the imported articles are swords.

It should not be understood that this court is here holding that any article which may be denominated a sword or side arm is, perforce, to be so classified. The question as to the real character of an article is always open to investigation, and subject to proof.

The judgment of the United States Customs Court is *affirmed.*

### DISSENTING OPINION

BLAND, Judge: I must respectfully dissent from the conclusion reached by my associates.

It would seem that there should be no dispute about the proposition that for the merchandise at bar to be dutiable under paragraph 363 as swords, the articles must in fact be swords; that is, they must be swords in fact before the phrase "irrespective of quality or use" can apply. I take the position that toy swords are not swords within the meaning of the paragraph.

The opinion of the majority would seem to indicate that even if the goods were toy swords, they would be dutiable under the sword paragraph by reason of the use of the words "irrespective of quality or use." The following paragraph would indicate that it is the view of the majority that if it were conceded on every hand that the article at bar is a cheap, flimsy, toy sword, that, merely because it is called a sword, is sufficient to carry it into the sword paragraph, since Congress saw fit to use the term "irrespective of quality or use":

> This being true, it will be at once apparent that it is entirely immaterial how the articles of importation here are used. An article, to be a toy under the provision, "all other toys," in said paragraph 1414, must be such because of its use. *Illfelder* v. *United States,* 1 Ct. Cust. Appls. 109, T. D. 31115. If the use is made immaterial by statute, then it follows that swords can not be taken out of the sword paragraph and put into the toy paragraph because of their use.

Paragraph 363 to my way of thinking should mean that if an importation is a sword, it does not make any difference whether it is of poor quality or whether it is used for ornament or dress, it goes in the paragraph, but the framers of the act, of course, did not mean to draw toy swords out of the toy paragraph where they are dutiable at 70 per centum and make them dutiable at 50 per centum along with Damascus steel blades and various kinds of real swords.

It may be contended that the record before us does not show that the articles involved herein are toy swords. It is hardly fair to the litigants to turn this case upon the proposition that these are not shown to be cheap toys. They are invoiced as "toys, Japanese swords," valued at 25 cents each.

The importer called as a witness Mr. M. M. Mullin, appraiser at the port of Los Angeles, who stated that the merchandise was "two

hundred pieces of toy Japanese swords, at 25 cents each." Appellee's counsel asked him the question:

Q. They were returned as swords to be used by children in play?

to which he answered in the affirmative. Mr. Neville, attorney for the importer, appellee, then said:

I will concede that they are used by children in play.

The court below found them to be toy swords with wooden or tin blades and stated: "The swords in the case at bar are conceded to be toys." Notwithstanding the fact that they were conceded to be toys, the court below seemed to be of the opinion that since the thing that characterized a toy was its use, and since the statute provided "irrespective of * * * use," a toy sword came within the sword paragraph. The case was tried in the court below and here on the theory that they were toy swords, and the record, in my judgment, shows that they were toy swords. If they were toy swords they were not swords within the meaning of the sword paragraph.

The case of *Morimura Bros. v. United States*, 165 Fed. 64, is cited in the majority opinion. In that case the articles were curios, bone swords. The lower court held them not to be swords within the meaning of paragraph 154 of the act then under consideration. Congress subsequently added to the sword paragraph the phrase "irrespective of quality or use." It did so after its attention had been called to the decision in the *Morimura Bros.* case, *supra*, by the Notes on Tariff Revision, which said in part:

* * * Of course, it is not urged that a piece of paper, for instance, cut into the shape of a sword should be classified as a sword, *but the articles subject of this decision are in truth and fact swords* and the circumstances that they are to be used as decorations is of no weight, for that is practically the only use to which swords are put to nowadays * * *.

Note that the writer of the Notes on Tariff Revision told Congress that the bone swords were in fact swords, and no doubt they were and probably at some time had been used in combat but had ceased to be used for that purpose and were then curios. To my mind this shows that Congress, by inserting the phrase in the paragraph meant that a sword, if in fact it was a sword, should be dutiable under the sword paragraph, even if it was put upon the wall as an ornament or used as a curio. But I feel sure that it did not intend to invade the toy paragraph and bring into the sword paragraph things which in their very nature do not respond to the term "sword."

We have held in *United States* v. *B. Illfelder & Co.*, 17 C. C. P. A. (Customs) 197, T. D. 43646, that toy picture machines were not picture machines within the meaning of the optical-instrument paragraph, and in *United States* v. *Wanamaker*, 15 Ct. Cust. Appls. 310, T. D. 42485, that toy steam engines were not engines within the meaning of the steam-engine paragraph.

If they are not picture machines or steam engines because they are toys, then the articles at bar, which unquestionably are toys, are not swords.  If they are not swords, the special provision added by Congress to the paragraph has no application whatever.

It must be remembered that these articles were classified by the collector as toys, which carries with it the presumption that he found their use to be that of a toy, and unless the importer has shown that they are not toys, they must, for the purposes of our consideration, be regarded as toys.

The judgment of the lower court should be *reversed*.

GARRETT, J., joins in the foregoing dissent.